IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE ADAMS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| v. | ) | |
| | ) | Case No. |
| ALLIANCE COLLECTION AGENCIES, | ) | |
| INC., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Charlotte Adams, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that the Defendant's debt collection actions violated the FDCPA, and to recover damages for the Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, and the Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a personalized and concrete injury in the form of, among other things, emotional distress caused by Defendant contacting her directly in an attempt

1

to collect the alleged debt, even though Defendant knew or should have known that Plaintiff was represented by counsel.

5. Plaintiff has thus suffered an injury because of the Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Charlotte Adams ("Plaintiff" or "Ms. Adams"), is a resident of the State of Illinois, from whom Defendant attempted to collect an alleged debt to the Dreyer Clinic for medical treatment used for personal and household use. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant Alliance Collection Agencies, Inc. ("ACAI") is a Wisconsin corporation that does or transacts business in the State of Illinois. Its principal place of business is located in Marshfield, Wisconsin. Its Illinois registered agent is Cogency Global, Inc., which can be found at 600 South Second St., Suite 404, Springfield, IL 62704.

8. ACAI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. ACAI acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

10. ACAI also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

## FACTUAL ALLEGATIONS

11. The Defendant has alleged that Plaintiff incurred alleged medical debts used for personal, family or household purposes ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. The Defendant has alleged that Plaintiff failed to pay the alleged debt, and that her account entered default.

13. On or about August 3, 2020, ACAI sent Plaintiff a collection letter claiming an overdue balance of $752. (Exhibit A, August 3, 2020, Collection Letter).

14. On or about August 10, 2020, ACAI sent another collection letter to Plaintiff claiming a new balance of $564.65. (Exhibit B, August 10, 2020, Collection Letter).

15. Plaintiff was confused by the differing balance and sought counsel to dispute the alleged debt for her and ensure that communications went to her counsel's office.

16. On August 18, 2020, Plaintiff's attorney, Jason Wilkins, sent a letter to ACAI indicating that Plaintiff disputed the balance and requested that all communications be sent to his office. (Exhibit C, Letter from Attorney Jason Wilkins).

17. The letter was sent via USPS First-class certified return receipt mail.

18. The letter was received by ACAI on August 20, 2020.

19. On or about August 20, 2020, Defendant ACAI knew that Plaintiff was represented by counsel, because it had received notification of her representation in regard to the alleged debt.

20. Despite knowing that Plaintiff was represented by counsel, Defendant continued to call Plaintiff using recorded messages on at least the following dates:

    (a) August 25, 2020;

    (b) October 8, 2020;

    (c) November 2, 2020; and,

    (d) December 16, 2020.

21. These calls were communications sent in connection with the collection of a debt.

22. Defendant knew on or about August 20, 2020, that Plaintiff was represented by counsel and that it should only contact Plaintiff through counsel, and not directly. However, the Defendant contacted Plaintiff after receiving that notice.

23. 15 U.S.C. § 1692c(a)(2) of the FDCPA provides in relevant part follows:

**Communication in connection with debt collection**

**Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**

\*\*\*\*\*\*\*

**(2) If the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer…**

24. Defendant violated 15 U.S.C. § 1692c(a)(2) of the FDCPA when it contacted Plaintiff directly, instead of contacting her attorney, since Defendant knew that Plaintiff was represented by counsel.

25. Defendant knew that Plaintiff was represented by counsel—whose name, address, and telephone number it was also aware of—because Plaintiff's counsel provided that information to Defendant on August 20, 2020, and Defendant had obtained this information.

26. Section 1692f of the FDCPA provides in relevant part:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

27. The Defendant violated 15 U.S.C. § 1692f of the FDCPA when it contacted Plaintiff directly in an attempt to collect the alleged debt, even though it knew Plaintiff was represented by counsel, since this was an unfair and unconscionable means to attempt to collect the debt.

28. Plaintiff suffered emotional distress as a result of the Defendant's actions.

29. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

31. Defendant violated 15 U.S.C. § 1692c(a)(2) of the FDCPA when it contacted Plaintiff directly, instead of contacting her attorney, since Defendant knew that Plaintiff was represented by counsel.

32. The Defendant violated 15 U.S.C. § 1692f of the FDCPA when it contacted Plaintiff directly in an attempt to collect the alleged debt, even though it knew Plaintiff was

represented by counsel, since this was an unfair and unconscionable means to attempt to collect the debt.

33. Plaintiff suffered actual damages due to emotional distress caused by Defendant's contact with Plaintiff after it had been notified that Plaintiff was represented by counsel.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant for the counts alleged above for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

Respectfully submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
Chicago Consumer Law Center, P.C.
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys